**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-md-03193-KMM

In re:

HEALTH GORILLA, INC., ET AL.,
DATA SECURITY BREACH LITIGATION

---

THIS DOCUMENT RELATES TO ALL CASES.
_______________________________________/

# PLAINTIFFS' PRELIMINARY REPORT

Plaintiffs hereby submit this Preliminary Report pursuant to the Court's Order entered August 25, 2026 [ECF No. 20].

## The Parties' Preliminary Understanding of the Facts Involved in the Litigation

The following facts are alleged in the Consolidated Class Action Complaint ("Complaint") in *Lott v. Health Gorilla*, 1:26-cv-21639-KMM [ECF No. 50]. Defendant Health Gorilla, Inc. ("Health Gorilla") granted access, and failed to prevent multiple fraudulent actors from gaining unfettered access, to millions of healthcare patients' records, including Plaintiffs, through the networks used by healthcare providers to share information with other healthcare providers for treatment purposes. Health Gorilla served as the gateway for multiple bad actors to access, copy, and sell patient records for illicit and illegal purposes to the detriment of Plaintiffs and Class members. Compl. ¶1.

Health Gorilla does business as an "Implementer," in the Carequality framework, and a Qualified Health Information Network ("QHIN") in the Trusted Exchange Framework and Common Agreement ("TEFCA"). The Carequality framework and TEFCA are two national

frameworks responsible for more than a billion patient-record exchanges between healthcare industry participants every month. TEFCA is a federally sponsored interoperability framework for healthcare providers to exchange patient records to facilitate coordination and continuity of care for patients nationwide, and the Carequality framework is a similar private network. Compl. ¶2.

Certain of Health Gorilla's customers abused these networks for illicit commercial gain on Health Gorilla's watch. Through thinly veiled disguises, they pose as healthcare providers and falsely certify that they are accessing electronic patient records over these networks for treatment purposes. Once they retrieve the records through network, they use or sell the records for profits and commercial exploitation. Compl. ¶3.

As an Implementer/QHIN providing access to these bad actors, Health Gorilla was contractually, ethically, and legally responsible for vetting their qualifications to access the system prior to granting them access, including conducting adequate and robust due diligence prior to approving their applications, and monitoring and verifying that their activity over the network was consistent with legitimate uses. Health Gorilla failed on all counts. The bad actors were not vetted, and their activities were consistent with abuse. Despite these red flags, Health Gorilla failed to take reasonable and necessary actions to put a stop to their conduct, as it was required to do. To make it worse, Health Gorilla attempted to conceal their conduct by defending the action of the bad actors and giving pretextual reasons for their suspicious behavior when others raised concerns. Compl. ¶¶4-6.

As a result of Health Gorilla's failures, Plaintiffs' and Class members' personal identifiable information ("PII") and protected health information ("PHI") (collectively "Private Information") was accessed and stolen by these bad actors. Upon information and belief, Plaintiffs' electronic health records were accessed for unauthorized purposes by one or more of the following bad actors:

RavillaMed, Mammoth Path Solutions and MammothDx, SelfRx, and GuardDog Telehealth. Plaintiffs never sought treatment from any of these companies. As a result, Plaintiffs' and Class members' complete medical records were shared without authorization and without lawful purpose, by and through Health Gorilla, to the bad actors (the "Data Breach"). Compl. ¶¶7, 9.

Upon information and belief, these bad actors accessed the complete data set relating to Plaintiffs' health and wellbeing, clinical and administrative data, doctors' orders, office visit notes, procedures, consultations, emergency department visits, laboratory results, treatment information, and other related health information. All of this information was required to be kept confidential under patient-physician privilege and HIPAA. On information and belief, the bad actors sold or used Plaintiffs' and Class members' patient record data and the information that could be inferred therefrom to make prohibited targeted advertising, insurance claims decisions, and other unlawful, unscrupulous, and unethical practices. Compl. ¶¶10-11.

Epic Systems Corporation ("Epic") is a healthcare software company that develops and provides electronic health record ("EHR") and related healthcare technology systems, such as the EHR system used by some healthcare providers. Some of the other lawsuits that were transferred to this Court in this MDL also name Epic and some of the Plaintiffs' healthcare providers as defendants due to their alleged failures to safeguard those Plaintiffs' Private Information. Some of those other lawsuits also name some of the alleged bad actors as defendants.

Epic and some healthcare providers also filed a lawsuit against Health Gorilla and some of the bad actors seeking injunctive relief against Health Gorilla to revoke the bad actors' access to the Carequality framework and TEFCA, and injunctive relief against the bad actors to destroy, and discontinue any further use of, the Private Information that they wrongfully obtained.

## The Critical Factual and Legal Issues

The critical factual and legal issues in this litigation include:

a. Whether Health Gorilla violated the laws asserted in the Complaint;

b. Whether Health Gorilla knew or should have known that its data environment and security measures created a risk of a data breach;

c. Whether Health Gorilla controlled and took responsibility for protecting Plaintiffs' and the Class members' data;

d. Whether Health Gorilla's security measures were reasonable considering the FTC data security recommendations, state laws and guidelines, industry standards, and common recommendations made by data security experts;

e. Whether Health Gorilla owed Plaintiffs and Class members a duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the Private Information it collected, stored, and maintained from Plaintiffs and Class members;

f. Whether Health Gorilla's failure to adequately secure Plaintiffs' and Class members' data constitutes a breach of its duty to institute reasonable security measures;

g. Whether Health Gorilla's failure to implement reasonable data security measures allowed the breach of its data systems to occur and caused the theft of Plaintiffs' and Class members' data;

h. Whether reasonable security measures known and recommended by the data security community could have prevented the breach;

i. Whether Plaintiffs and Class members were injured and suffered damages or other losses because of Health Gorilla's failure to reasonably protect its data systems;

j. Whether Plaintiffs and the Class are entitled to damages and/or equitable relief; and

k. Whether class certification is appropriate.

# APPENDIX

## LIST OF AFFILIATED COMPANIES AND COUNSEL

- HEALTH GORILLA. Health Gorilla does not have any parent corporations; and no publicly-held corporation owns 10% or more of its stock.

  Health Gorilla Counsel in Data Breach Class Actions
  - Wilson Elser Moskowitz Edelman & Dicker LLP (not admitted in S.D. Fl)
    - Jennifer S. Stegmaier (not admitted in S.D. Fl.)
    - Anjali Das (not admitted in S.D. Fl.)
    - John Yates Benford, Wilson Elser Moskowitz Edelman & Dicker LLP (admitted)
    - Julia Grimke Young, Wilson Elser Moskowitz Edelman & Dicker LLP (admitted)
    - Adam Edward Wayne (not admitted in S.D. Fl.)
    - Ian A. Stewart (not admitted in S.D. Fl.)
    - William S. Cook (not admitted in S.D. Fl.)

  Health Gorilla Counsel in the Epic Action
  - Quinn Emanuel Urquhart & Sullivan, LLP
    - Adam B. Wolfson (not admitted in S.D. Fl.)
    - Ryan Landes (not admitted in S.D. Fl.)
    - David M. Elihu (not admitted in S.D. Fl.)
    - Julia S. Choe (not admitted in S.D. Fl.)
    - Jenny Braun (not admitted in S.D. Fl.)

***Lott v. Health Gorilla, Inc.*, Case No. 1:26-cv-21639-KMM (S.D. Fla.)**
- Lead Case – Consolidated with other cases on 8-7-26.

Plaintiff's attorneys:
Michael A. Smith, DannLaw
Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C.
Marc E. Dann, DannLaw

Defendant Health Gorilla, Inc.'s attorneys:
John Yates Benford, Wilson Elser
Julia Grimke Young, Wilson Elser

***Patterson v. The Rector and Visitors of the University of Virginia (erroneously named as UVA Health), Epic Systems Corporation, Health Gorilla, and Mammoth Path Solution, LLC,* Case No. 2:26-cv-01938-PA-E (C.D. Cal.)**
- Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-20-26.

Plaintiff's attorneys:

Scott Edward Cole, Cole & Van Note
Laura Grace Van Note, Cole & Van Note
Mark T. Freeman, Cole & Van Note
Cole & Van Note's motion to withdraw and substitution of counsel is forthcoming.

Defendant The Rector and Visitors of the University of Virginia's attorneys:

Jason Jonathan Kim, Hunton Andrews Kurth, LLP
Paige Van Oosten, Hunton Andrews Kurth, LLP
Hakop Stepanyan, Hunton Andrews Kurth, LLP

Defendant Epic Systems Corporation's attorneys:

John Joseph Atallah, Foley and Lardner LLP

Defendant Health Gorilla's attorneys:

Adam Edward Wayne, Wilson Elser
Ian A. Stewart, Wilson Elser

Defendant Mammoth Path Solution, LLC's attorneys:

Sharon Ben-Shahar Mayer, Bird Marella Rhow Lincenberg Drooks and Nessim, LLP

***Berry v. University of Illinois Hospital & Health Sciences System and Epic Systems Corporation,* Case No. 1:26-cv-04629 (N.D. Ill.)**

- Transferred to S.D. Fla. on 8-18-26, and consolidated with other cases on 8-20-26.

Plaintiff's attorneys:

Colleen Garvey, Stranch, Jennings & Garvey, PLLC
Grayson Wells, Stranch, Jennings & Garvey, PLLC
Darrius Dixon, Stranch, Jennings & Garvey, PLLC

Defendant Epic Systems Corporation's attorneys:

Michael D. Leffel, Foley and Lardner LLP
Mason Daniel Roberts, Foley and Lardner LLP

Defendant University of Illinois Hospital & Health Sciences System:

No attorneys have appeared.

***Jackson v. Trinity Health Corporation and Health Gorilla Inc.,* Case No. 4:26-cv-10948-SDK-KGA (E.D. Mich.)**

- Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-12-26.

Plaintiff's attorneys:

Marc H. Edelson, Edelson Lechtzin LLP
Liberato P. Verderame, Edelson Lechtzin LLP

Defendant Trinity Health Corporation's attorneys:
Krystal Dickow Hermiz, Gordon Rees Scully Mansukhani, LLP

Defendant Health Gorilla Inc.'s attorneys:
William S. Cook, Wilson Elser

***Hughes v. Health Gorilla, Inc.,* Case No. 1:26-cv-21952-KMW (S.D. Fla.)**

- Consolidated with other cases on 8-7-26.

Plaintiff's attorneys:
Jeff Ostrow, Kopelowitz Ostrow P.A.
Andrew Hausdorff, Kopelowitz Ostrow P.A.
Mariya Weekes, Milberg, PLLC

Defendant Health Gorilla, Inc.'s attorneys:
Daniel Wolfgang Ledesma, Fenwick & West LLP

***Pabon v. Trinity Health Corporation and Health Gorilla Inc.,* Case No. 4:26-cv-10989-SDK-KGA (E.D. Mich.)**

- Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-12-26.

Plaintiff's attorneys:
Nick Suciu III, Bryson Harris Suciu & Demay PLLC
Scott Jourdan Falgoust, Bryson Harris Suciu & Demay PLLC

Defendant Trinity Health Corporation's attorneys:
Krystal Dickow Hermiz, Gordon Rees Scully Mansukhani, LLP

Defendant Health Gorilla Inc.'s attorneys:
William S. Cook, Wilson Elser

***Delis v. Health Gorilla Inc. and Trinity Health Corporation,* Case No. 1:26-cv-22178-RS (S.D. Fla.)**

- Consolidated with other cases on 8-7-26.

Plaintiff's attorneys:
Tonyia J. Johnson, Shamis & Gentile, P.A.

Defendant Health Gorilla's attorneys:
John Yates Benford, Wilson Elser
Julia Grimke Young, Wilson Elser

Defendant Trinity Health Corporation's attorneys:
Joseph Michael Paulino, no firm listed

***Hawkins and Brink v. Health Gorilla, Inc., RavillaMed PLLC, Unique Medi Tech LLC d/b/a Mammoth Dx, Mammoth Rx, Inc., Mammoth Path Solution, LLC, Unit 387 LLC, SelfRX, LLC d/b/a Myself.Health, and Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth,*** **Case No. 1:26-cv-22328-KMM (S.D. Fla.)**

- Consolidated with other cases on 8-7-26.

Plaintiffs' attorneys:

Michael B. Homer, Dynamis LLP
Israel David, Israel David LLC
Adam M. Harris, Israel David LLC
Mark A. Cianci, Israel David LLC

Defendant Health Gorilla, Inc.'s attorneys:

John Yates Benford, Wilson Elser
Julia Grimke Young, Wilson Elser

Defendants RavillaMed PLLC, Unique Medi Tech LLC, Mammoth Path Solution, LLC, Mammoth RX, Inc., Unit 387 LLC, SelfRX, LLC, and Critical Care Nurse Consultants, LLC:

No attorneys have appeared.

***Malenkovich v. Health Gorilla, Inc.,*** **Case No. 1:26-cv-22757-KMM (S.D. Fla.)**

- Consolidated with other cases on 8-7-26.

Plaintiff's attorneys:

Michael A. Smith, Jr., DannLaw
Kevin Laukaitis, Laukaitis Law LLC
Andrew J. Sciolla, Sciolla Law Firm, LLC

Defendant Health Gorilla, Inc.'s attorneys:

No attorneys have appeared.

***Fox and Bryan v. Epic Systems Corporation, Reid Hospital & Health Care Services, Inc., Health Gorilla, Inc., and Mammoth Path Solution, LLC,*** **Case No. 2:26-cv-04678-FMO-MAR (C.D. Cal.)**

- Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-17-26.

Plaintiffs' attorneys:

Scott Edward Cole, Cole & Van Note
Laura Grace Van Note, Cole & Van Note
Mark T. Freeman, Cole & Van Note
Leigh S. Montgomery, Ellzey Kherkher Sanford Montgomery, LLP

Defendant Health Gorilla, Inc.'s attorneys:

Adam Edward Wayne, Wilson Elser
Ian A. Stewart, Wilson Elser

Defendant Epic Systems Corporation: TERMINATED on 7-31-26

Defendant Reid Hospital and Health Care Services, Inc.: TERMINATED on 7-31-26

Defendant Mammoth Path Solution, LLC: TERMINATED on 7-31-26

***Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc. d/b/a Reid Health, Trinity Health Corporation, and UMass Memorial Health Care, Inc. v. Health Gorilla, Inc., RavillaMed PLLC, Avinash Ravilla, Shere Saidon, LlamaLab, Inc., Unique Medi Tech LLC d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc., Ryan Hilton, Daniel Baker, Max Toovey, Unit 387 LLC, SelfRx, LLC d/b/a Myself.Health, Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth, Hoppr, LLC, Meredith Manak, and DOES 1-100*, Case No. 2:26-cv-00321 (C.D. Cal.)**

- Currently pending in the C.D. Cal. A Conditional Transfer Order (CTO-1) was entered on August 18, 2026 in *In Re: Health Gorilla, Inc., et al., Data Security Breach Litigation*, MDL No. 3193 (JPML). Epic opposed CTO-1 on August 17, 2026, and a briefing schedule was entered on August 18, 2026. Epic filed its Motion to Vacate on September 1, 2026. Responses are due by September 22, 2026, and Epic's reply is due by September 29, 2026.

Plaintiffs Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc., Trinity Health Corporation's attorneys:

Caroline Lewis Wolverton, Akin Gump Strauss Hauer and Feld LLP
Anthony T. Pierce, Akin Gump Strauss Hauer and Feld LLP
Laura E. Hill, Akin Gump Strauss Hauer and Feld LLP
Lauren E. Huennekens, Akin Gump Strauss Hauer and Feld LLP
Mark R. Herring, Akin Gump Strauss Hauer and Feld LLP
Marshall L. Baker, Akin Gump Strauss Hauer and Feld LLP

Plaintiff UMass Memorial Health Care, Inc.'s attorneys:

Caroline Lewis Wolverton, Akin Gump Strauss Hauer and Feld LLP
Anthony T. Pierce, Akin Gump Strauss Hauer and Feld LLP
Lauren E. Huennekens, Akin Gump Strauss Hauer and Feld LLP
Mark R. Herring, Akin Gump Strauss Hauer and Feld LLP
Marshall L. Baker, Akin Gump Strauss Hauer and Feld LLP

Defendant Health Gorilla, Inc.'s attorneys:

Adam B. Wolfson, Quinn Emanuel Urquhart and Sullivan LLP
David M. Elihu, Quinn Emanuel Urquhart and Sullivan LLP
Julia Sun Choe, Quinn Emanuel Urquhart and Sullivan LLP
Ryan S. Landes, Quinn Emanuel Urquhart and Sullivan LLP

Defendants RavillaMed PLLC, Avinash Ravilla, Shere Saidon, and LlamaLab, Inc.'s attorneys:

Brook B. Andrews, Nelson Mullins Riley & Scarborough LLP
James C. Wald, Nelson Mullins LLP
Joshua A. Redelman, Nelson Mullins Riley & Scarborough LLP

Defendants Unique Medi Tech LLC, Mammoth Path Solution, LLC, Mammoth Rx, Inc., and Ryan Hilton's attorneys:

Alexander H. Tran, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
Ekwan E. Rhow, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
Melissa C. Decker, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
Sharon Ben-Shahar Mayer, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP

Defendant Daniel Baker's attorneys:

Peter C. Bronstein, Peter C. Bronstein Law Offices

Defendant Max Toovey's attorneys:

Nithin Kumar, Kingfisher Law APC

Defendants Unit 387 LLC, Hoppr, LLC, and Meredith Manak's attorneys:

Christopher J. Petersen, Blank Rome LLP
Mark L. Johansen, Blank Rome LLP
Neakzaad Layne Horriat, Blank Rome LLP
Alycia S. Tulloch, Blank Rome, LLP

Defendant SelfRx, LLC: TERMINATED on 6-3-26.

Defendant Critical Care Nurse Consultants, LLC: TERMINATED on 3-20-26.

## LIST OF PENDING MOTIONS

*IN RE: HEALTH GORILLA, INC., ET AL., DATA SECURITY BREACH LITIGATION,* MDL 3193

- Epic Systems Corporation ("Epic"), OCHIN, Inc., Reid Hospital & Health Care Services, Inc., Trinity Health Corporation, and UMASS Memorial Health Care, Inc., have a pending motion to vacate the conditional transfer order entered on August 18, 2026 [Dkt. 57] in MDL No. 3193. Epic filed its Motion to Vacate on September 1, 2026 [Dkt. 61]. Responses are due by September 22, 2026, and Epic's reply is due by September 29, 2026.

*Epic Systems Corporation, et. al., v. Health Gorilla, Inc.,* 2:26-cv-00321-FMO-RAO (C.D. Cal.) ("Epic Case")

- Defendant Health Gorilla filed a Motion to Dismiss pursuant to Rule 12(b)(6) which has been fully briefed as of April 9, 2026.

*Patterson v. The Rector and Visitors of the University of Virginia, et. al.*, 2:26-cv-01938-PA-E ("Patterson Case")

- Defendant The Rector and Visitors of the University of Virginia ("UVA") filed a Motion to Dismiss, which has been fully briefed as of June 22, 2026.

- Defendant Epic Systems Corporation ("Epic") filed a Motion to Dismiss, which as has been fully brief as of June 22, 2026.

## LIST OF RELATED CASES

*Epic Systems Corporation, OCHIN, Inc.; Reid Hospital & Health Care Services, Inc. d/b/a Reid Health; Trinity Health Corporation; and UMass Memorial Health Care, Inc. v. Health Gorilla, Inc.; RavillaMed PLLC; Avinash Ravilla; Shere Saidon; LlamaLab, Inc.; Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; Daniel Baker; Max Toovey; Unit 387 LLC; SelfRx, LLC d/b/a Myself.Health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth; Hoppr, LLC; Meredith Manak, and DOES 1-100*, 2:26-cv-00321-FMO-RAO (C.D. Cal.) – subject to Epic's Motion to Vacate the Conditional Transfer Order

*Priscilla Banh v. Epic Systems Corporation; UCSF Health Community Hospitals*, 3:26-cv-00216-AMB (W.D. Wis.)

*Aaron Berry v. Epic Systems Corporation; University of Illinois Hospital & Health Sciences System,* 1:26-cv-04629-MMM (N.D. Ill.)

*Judi Delis v. Health Gorilla, Inc.; Trinity Health Corporation,* 1:26-cv-22178 (S.D. Fla.)

*Edward Fox; Suzanne Bryan v. Epic Systems Corporation; Reid Hospital and Health Care Services, Inc.; Health Gorilla, Inc.; Mammoth Path Solution, LLC*, 2:26-cv-04678 (C.D. Cal.)

*Amy Hawkins; Randall Brink v. Health Gorilla, Inc.; Ravillamed PLLC; Unique Medi Tech LLC d/b/a Mammoth DX; Mammoth Path Solution, LLC; Mammoth RX, Inc.; Unit 387 LLC; SelfRX, LLC d/b/a Myself.health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth*, 1:26-cv-22328 (S.D. Fla.)

*Holly Hughes v. Health Gorilla, Inc*., 1:26-cv-21952 (S.D. Fla.)

*Jeffrey S. Jackson v. Trinity Health Corporation; Health Gorilla, Inc*., 4:26-cv-10948 (E.D. Mich.)

*Ricky Lott v. Health Gorilla, Inc*., 1:26-cv-21639 (S.D. Fla.)

*Tatyana Malenkovich v. Health Gorilla, Inc.*, 1:26-cv-22757 (S. D. Fla.)

*Justina Pabon v. Trinity Health Corporation; Health Gorilla, Inc.,* 4:26-cv-10989 (E.D. Mich.)

*Steven Patterson v. UVA Health; Epic Systems Corporation; Health Gorilla; Mammoth Path Solutions, Inc*., 2:26-cv-01938 (C.D. Cal.)

Dated: September 14, 2026,

Respectfully submitted,

*/s/ Mariya Weekes*
Mariya Weekes (FL Bar # 56299)
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Telephone: 786-879-8200
mweekes@milberg.com

Thomas Zimmerman, Jr, *(pro hac vice)*
**ZIMMERMAN LAW OFFICES, P.C.**
7199 South Kingery Highway, #1148
Willowbrook, IL 60527
Telephone: (312) 440-0020
firm@attorneyzim.com

Jeff Ostrow (FBN 121452)
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2026, a true and correct copy of the foregoing was filed using the CM/ECF system which will send a notice of electronic filing to all counsel or parties on the service list.

*/s/ Mariya Weeks*
Mariya Weekes

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-md-03193-KMM

IN RE: HEALTH GORILLA, INC., ET AL.,
DATA SECURITY BREACH LITIGATION MDL NO. 3193

**DEFENDANT HEALTH GORILLA, INC.'S PRELIMINARY REPORT**

Defendant Health Gorilla, Inc. ("Defendant"), by and through its undersigned attorneys, and pursuant to the Court's Order Setting Initial Conference (entered on August 25, 2026), hereby submits its Preliminary Report in advance of the Initial Conference which is scheduled for September 17, 2026 at 11:00 a.m.

**1. Summary of the Facts**

The crux of Plaintiffs' data breach class actions is that there was a "data breach" involving patient records held by participating healthcare organizations and exchanged through the Carequality and TEFCA interoperability frameworks,[1] based on allegations contained in the complaint filed in *Epic Systems Corporation, et. al, v. Health Gorilla, Inc., et. al*., 2:26-cv-00321-FMO-RAO, in the United States District Court for the Central District of California, Western Division, on January 13, 2026 ("Epic Action").[2] However, the Epic Action involves a business dispute between Epic, Health Gorilla, and other parties contracted within the Carequality and TEFCA frameworks,[3] which, at bottom, addresses whether Health Gorilla's co-defendant

[1] An interoperability framework is a structured guide of rules, standards, and policies that allow organizations to communicate and share data. Carequality and Trusted Exchange Framework and Common Agreement ("TEFCA") are interoperability frameworks for healthcare providers that exchange billions of patient records. Health Gorilla is an Implementer under the Carequality agreement and a Qualified Health Information Network ("QHIN") under the TEFCA. As such, Health Gorilla onboards entities to participate in the Carequality and TEFCA frameworks pursuant to the rules and contractual terms therein.

[2] The complaint filed against Health Gorilla refers to the filing of the Epic Action on January 13, 2026 as the basis of the data breach and/or definition of the class.

[3] Entities must be bound by a framework agreement before participating in exchange. For Carequality, entities sign the Carequality Connected Agreement. For TEFCA, each Qualified Health Information Network ("QHIN") signs the

customers in the Epic Action accessed patient records for purposes that violated the framework rules and contract terms—specifically, for non-"treatment" purposes. The plaintiffs in the Epic Action ("Epic Plaintiffs") do not allege any HIPAA violations; only contract violations of Carequality and TEFCA rules. As for Health Gorilla, the Epic Plaintiffs allege that it is liable alongside its customer co-defendants because it allegedly knew or should have known of their non-treatment purposes, but nevertheless allowed them to access healthcare information for purposes via the Carequality and TEFCA interoperability frameworks. Health Gorilla strongly disputes these characterizations on the merits, but a broader problem is that the Epic Plaintiffs leapfrogged mandatory dispute resolution processes for each framework to file their federal lawsuit. Health Gorilla therefore filed a Motion to Dismiss the Epic complaint on several grounds, including dismissal in favor of the mandatory dispute resolution process, but also because the Epic Plaintiffs have no enforceable contractual rights against Health Gorilla, they failed to satisfy standard pleading requirements, and certain Epic Plaintiffs (including Epic itself) lack standing due to no personal injury.[4] Simply stated, the Epic Action is without merit and should never have been filed, but even if the Epic Plaintiffs wanted to bring suit, they were contractually required to bring it before the frameworks themselves. Their excuse to sue in federal court was that they ostensibly seek "immediate injunctive relief," which is an exception to the mandatory dispute resolution processes. But they ***still*** have not sought any preliminary injunctive relief, thereby belying their invocation of that limited exception to their dispute resolution obligations.

Plaintiffs in the data breach class actions are patients of healthcare providers that participated in the Carequality and TEFCA frameworks. Upon information and belief, on January

Common Agreement for Nationwide Health Information Interoperability with the Recognized Coordinating Entity ("RCE"); each QHIN must in turn contractually bind its Participants, and Participants must bind their Subparticipants, to the Participant/Subparticipant Terms of Participation ("ToP"). These are collectively the "Framework Agreements."

[4] Health Gorilla's Motion to Dismiss has been fully briefed and is pending.

13, 2026, Epic notified (some or all of) these healthcare providers of a *potential* unauthorized disclosure of their health information because it was unable to confirm whether authorizations for information had been obtained when patient information was accessed. In turn, at least some of these healthcare providers notified their patients of the *potential* unauthorized disclosure of their health information. Plaintiffs subsequently filed their data breach class actions alleging a nationwide class of all individuals within the United States of America whose private information was exposed to unauthorized third parties as a result of the potential data breach allegedly discovered by Epic and the healthcare providers notified on or before January 13, 2026.

By referencing and incorporating the allegations from the complaint in the Epic Action, the Plaintiffs in the data breach class actions have inextricably tied their alleged "data breach" to the Epic Action. Significantly, there are no allegations that Health Gorilla made any disclosure of patient information. Nor are there any allegations of any *actual* data breach. The Epic Action alleges that certain of Health Gorilla's customers accessed health information for a purpose not explicitly allowed under the Carequality or TEFCA framework rules and contract terms. But that does not mean their access was wrongful or a breach under applicable *laws*, nor that the putative class members failed to provide prior authorizations for entities like Health Gorilla's customers to obtain the information in question. Further, the data breach class actions do not allege any *cybersecurity attack* of any computer systems. As such, Health Gorilla's allegedly inadequate cybersecurity safeguards are not relevant.[5]

[5] Since the alleged "data breach" involves the alleged access of patient information without proper purpose under the Carequality and TEFCA rules and contract terms, the technical safeguards of Health Gorilla's (or any entity) is not at issue and, therefore, Plaintiffs' unsubstantiated allegations of defendants' inadequate cybersecurity safeguards and articles and statistics of cybersecurity attacks are not relevant. These allegations appear to be cut-and-paste from other unrelated data breach class action complaint templates involving actual cybersecurity attacks.

**2. <u>Critical factual and legal Issues</u>**

Critical factual and legal issues in the data breach class action include:

- Whether Plaintiffs' personal information was accessed or disclosed by Health Gorilla without authorization;
- Whether Health Gorilla caused the unauthorized disclosure of Plaintiffs' personal information;
- Whether Health Gorilla had a duty to prevent the unauthorized disclosure of health care information contained in the Carequality and TEFCA frameworks;
- Whether Health Gorilla owed a duty to Plaintiffs to verify or guarantee the accuracy of the stated purposes asserted by network participants accessing records in the Carequality and TEFCA frameworks;
- Whether Plaintiffs suffered any cognizable injury as a result of the alleged unauthorized disclosure of their personal information;
- Whether there was any actual misuse of Plaintiffs' personal information;
- Whether Plaintiffs suffered identity theft or fraud as a result of the alleged unauthorized access of their personal information;
- Whether Health Gorilla caused Plaintiffs' alleged injury/damages;
- Whether Plaintiffs have standing under Article III to assert their data breach class actions.
- Whether Plaintiffs sufficiently allege facts to state their causes of action against Health Gorilla.

**3. <u>Counsel representing Health Gorilla</u>**

Counsel representing Health Gorilla in the *data breach class actions*:

- Attorneys with Wilson Elser Moskowitz Edelman & Dicker LLP:
  - Jennifer S. Stegmaier (not admitted in S.D. Fl.)
  - Anjali Das (not admitted in S.D. Fl.)
  - John Yates Benford (admitted)
  - Julia Grimke Young (admitted)
  - Adam Edward Wayne (not admitted in S.D. Fl.)
  - Ian A. Stewart (not admitted in S.D. Fl.)
  - William S. Cook (not admitted in S.D. Fl.)

Counsel representing Health Gorilla in the *Epic Action*:

- Attorneys with Quinn Emanuel Urquhart & Sullivan, LLP:
  - Adam B. Wolfson (not admitted in S.D. Fl.)
  - Ryan Landes (not admitted in S.D. Fl.)
  - David M. Elihu (not admitted in S.D. Fl.)
  - Julia S. Choe (not admitted in S.D. Fl.)
  - Jenny Braun (not admitted in S.D. Fl.)

## APPENDIX

## LIST OF AFFILIATED COMPANIES AND COUNSEL

Health Gorilla does not have any parent corporations; and no publicly-held corporation owns 10% or more of its stock.

List of All Counsel in Related Actions:

***Berry v. University of Illinois Hospital & Health Sciences System and Epic Systems Corporation,* Case No. 1:26-cv-04629 (N.D. Ill.)** (Transferred to S.D. Fla. on 8-18-26, and consolidated with other cases on 8-20-26).

- Plaintiff's attorneys:
  Colleen Garvey, Stranch, Jennings & Garvey, PLLC
  Grayson Wells, Stranch, Jennings & Garvey, PLLC
  Darrius Dixon, Stranch, Jennings & Garvey, PLLC

- Defendant Epic Systems Corporation's attorneys:
  Michael D. Leffel, Foley and Lardner LLP
  Mason Daniel Roberts, Foley and Lardner LLP

- Defendant University of Illinois Hospital & Health Sciences System:
  No attorneys have appeared.

***Delis v. Health Gorilla Inc. and Trinity Health Corporation,* Case No. 1:26-cv-22178-RS (S.D. Fla.)** (Consolidated with other cases on 8-7-26).

- Plaintiff's attorneys:
  Tonyia J. Johnson, Shamis & Gentile, P.A.

- Defendant Health Gorilla's attorneys:
  John Yates Benford, Wilson Elser
  Joseph Michael Paulino, Gordon Rees Scully Mansukhani (withdrawing)
  Julia Grimke Young, Wilson Elser

- Defendant Trinity Health Corporation's attorneys:
  Joseph Michael Paulino, no firm listed

***Hawkins and Brink v. Health Gorilla, Inc., RavillaMed PLLC, Unique Medi Tech LLC d/b/a Mammoth Dx, Mammoth Rx, Inc., Mammoth Path Solution, LLC, Unit 387 LLC, SelfRX, LLC d/b/a Myself.Health, and Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth,* Case No. 1:26-cv-22328-KMM (S.D. Fla.) (**Consolidated with other cases on 8-7-26).

- Plaintiffs' attorneys:

Michael B. Homer, Dynamis LLP
Israel David, Israel David LLC
Adam M. Harris, Israel David LLC
Mark A. Cianci, Israel David LLC

- Defendant Health Gorilla, Inc.'s attorneys:
  John Yates Benford, Wilson Elser
  Julia Grimke Young, Wilson Elser

- Defendants RavillaMed PLLC, Unique Medi Tech LLC, Mammoth Path Solution, LLC, Mammoth RX, Inc., Unit 387 LLC, SelfRX, LLC, and Critical Care Nurse Consultants, LLC: No attorneys have appeared.

***Hughes v. Health Gorilla, Inc.*, Case No. 1:26-cv-21952-KMW (S.D. Fla.) (**Consolidated with other cases on 8-7-26).

- Plaintiff's attorneys:
  Jeff Ostrow, Kopelowitz Ostrow P.A.
  Andrew Hausdorff, Kopelowitz Ostrow P.A.
  Mariya Weekes, Milberg, PLLC

- Defendant Health Gorilla, Inc.'s attorneys:
  Daniel Wolfgang Ledesma, Fenwick & West LLP (withdrawing)

***Jackson v. Trinity Health Corporation and Health Gorilla Inc.*, Case No. 4:26-cv-10948-SDK-KGA (E.D. Mich.)** (Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-12-26).

- Plaintiff's attorneys:
  Marc H. Edelson, Edelson Lechtzin LLP
  Liberato P. Verderame, Edelson Lechtzin LLP

- Defendant Trinity Health Corporation's attorneys:
  Krystal Dickow Hermiz, Gordon Rees Scully Mansukhani, LLP

- Defendant Health Gorilla Inc.'s attorneys:
  William S. Cook, Wilson Elser

***Lott v. Health Gorilla, Inc.*, Case No. 1:26-cv-21639-KMM (S.D. Fla.) (**Lead Case for S.D. Fla. – Consolidated with other cases on 8-7-26).

- Plaintiff's attorneys:
  Michael A. Smith, DannLaw
  Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C.
  Marc E. Dann, DannLaw

- Defendant Health Gorilla, Inc.'s attorneys:
  John Yates Benford, Wilson Elser
  Julia Grimke Young, Wilson Elser

***Malenkovich v. Health Gorilla, Inc.*, Case No. 1:26-cv-22757-KMM (S.D. Fla.)** (Consolidated with other cases on 8-7-26).

- Plaintiff's attorneys:
  Michael A. Smith, Jr., DannLaw
  Kevin Laukaitis, Laukaitis Law LLC
  Andrew J. Sciolla, Sciolla Law Firm, LLC

- Defendant Health Gorilla, Inc.'s attorneys:
  No attorneys have appeared.

***Pabon v. Trinity Health Corporation and Health Gorilla Inc.*, Case No. 4:26-cv-10989-SDK-KGA (E.D. Mich.)** (Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-12-26).

- Plaintiff's attorneys:
  Nick Suciu III, Bryson Harris Suciu & Demay PLLC
  Scott Jourdan Falgoust, Bryson Harris Suciu & Demay PLLC

- Defendant Trinity Health Corporation's attorneys:
  Krystal Dickow Hermiz, Gordon Rees Scully Mansukhani, LLP

- Defendant Health Gorilla Inc.'s attorneys:
  William S. Cook, Wilson Elser

***Patterson v. The Rector and Visitors of the University of Virginia (erroneously named as UVA Health), Epic Systems Corporation, Health Gorilla, and Mammoth Path Solution, LLC*, Case No. 2:26-cv-01938-PA-E (C.D. Cal.)**

- Transferred to S.D. Fla. on 8-11-26, and consolidated with other cases on 8-20-26.

- Plaintiff's attorneys:
  Scott Edward Cole, Cole & Van Note
  Laura Grace Van Note, Cole & Van Note
  Mark T. Freeman, Cole & Van Note
  Cole & Van Note's motion to withdraw and substitution of counsel is forthcoming.

- Defendant The Rector and Visitors of the University of Virginia's attorneys:
  Jason Jonathan Kim, Hunton Andrews Kurth, LLP
  Paige Van Oosten, Hunton Andrews Kurth, LLP
  Hakop Stepanyan, Hunton Andrews Kurth, LLP

- Defendant Epic Systems Corporation's attorneys:

John Joseph Atallah, Foley and Lardner LLP

- Defendant Health Gorilla's attorneys:
  Adam Edward Wayne, Wilson Elser
  Ian A. Stewart, Wilson Elser

- Defendant Mammoth Path Solution, LLC's attorneys:
  Sharon Ben-Shahar Mayer, Bird Marella Rhow Lincenberg Drooks and Nessim, LLP

***Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc. d/b/a Reid Health, Trinity Health Corporation, and UMass Memorial Health Care, Inc. v. Health Gorilla, Inc., RavillaMed PLLC, Avinash Ravilla, Shere Saidon, LlamaLab, Inc., Unique Medi Tech LLC d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc., Ryan Hilton, Daniel Baker, Max Toovey, Unit 387 LLC, SelfRx, LLC d/b/a Myself.Health, Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth, Hoppr, LLC, Meredith Manak, and DOES 1-100,*** **Case No. 2:26-cv-00321 (C.D. Cal.)**

- Currently pending in the C.D. Cal. A Conditional Transfer Order (CTO-1) was entered on August 18, 2026 in *In Re: Health Gorilla, Inc., et al., Data Security Breach Litigation*, MDL No. 3193 (JPML). Epic opposed CTO-1 on August 17, 2026, and a briefing schedule was entered on August 18, 2026. Epic filed its Motion to Vacate on September 1, 2026. Responses are due by September 22, 2026, and Epic's reply is due by September 29, 2026.

- Plaintiffs Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc., Trinity Health Corporation's attorneys:
  Caroline Lewis Wolverton, Akin Gump Strauss Hauer and Feld LLP
  Anthony T. Pierce, Akin Gump Strauss Hauer and Feld LLP
  Laura E. Hill, Akin Gump Strauss Hauer and Feld LLP
  Lauren E. Huennekens, Akin Gump Strauss Hauer and Feld LLP
  Mark R. Herring, Akin Gump Strauss Hauer and Feld LLP
  Marshall L. Baker, Akin Gump Strauss Hauer and Feld LLP

- Plaintiff UMass Memorial Health Care, Inc.'s attorneys:
  Caroline Lewis Wolverton, Akin Gump Strauss Hauer and Feld LLP
  Anthony T. Pierce, Akin Gump Strauss Hauer and Feld LLP
  Lauren E. Huennekens, Akin Gump Strauss Hauer and Feld LLP
  Mark R. Herring, Akin Gump Strauss Hauer and Feld LLP
  Marshall L. Baker, Akin Gump Strauss Hauer and Feld LLP

- Defendant Health Gorilla, Inc.'s attorneys:
  Adam B. Wolfson, Quinn Emanuel Urquhart and Sullivan LLP
  David M. Elihu, Quinn Emanuel Urquhart and Sullivan LLP
  Julia Sun Choe, Quinn Emanuel Urquhart and Sullivan LLP
  Ryan S. Landes, Quinn Emanuel Urquhart and Sullivan LLP

- Defendants RavillaMed PLLC, Avinash Ravilla, Shere Saidon, and LlamaLab, Inc.'s

attorneys:
Brook B. Andrews, Nelson Mullins Riley & Scarborough LLP
James C. Wald, Nelson Mullins LLP
Joshua A. Redelman, Nelson Mullins Riley & Scarborough LLP

- Defendants Unique Medi Tech LLC, Mammoth Path Solution, LLC, Mammoth Rx, Inc., and Ryan Hilton's attorneys:
  Alexander H. Tran, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
  Ekwan E. Rhow, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
  Melissa C. Decker, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
  Sharon Ben-Shahar Mayer, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP

- Defendant Daniel Baker's attorneys:
  Peter C. Bronstein, Peter C. Bronstein Law Offices

- Defendant Max Toovey's attorneys:
  Nithin Kumar, Kingfisher Law APC

- Defendants Unit 387 LLC, Hoppr, LLC, and Meredith Manak's attorneys:
  Christopher J. Petersen, Blank Rome LLP
  Mark L. Johansen, Blank Rome LLP
  Neakzaad Layne Horriat, Blank Rome LLP
  Alycia S. Tulloch, Blank Rome, LLP

Defendant SelfRx, LLC: TERMINATED on 6-3-26.

Defendant Critical Care Nurse Consultants, LLC: TERMINATED on 3-20-26.

## LIST OF PENDING MOTIONS

*Epic Systems Corporation, et. al., v. Health Gorilla, Inc.*, 2:26-cv-00321-FMO-RAO (C.D. Cal.) ("Epic Action")

- Defendant Health Gorilla filed a Motion to Dismiss pursuant to Rule 12(b)(6) which has been fully briefed as of April 9, 2026.

*Patterson v. The Rector and Visitors of the University of Virginia, et. al.*, 2:26-cv-01938-PA-E ("Patterson Case")

- Defendant The Rector and Visitors of the University of Virginia ("UVA") filed a Motion to Dismiss, which has been fully briefed as of June 22, 2026.

- Defendant Epic Systems Corporation ("Epic") filed a Motion to Dismiss, which as has been fully briefed as of June 22, 2026.

**LIST OF RELATED CASES**

*Epic Systems Corporation, OCHIN, Inc.; Reid Hospital & Health Care Services, Inc. d/b/a Reid Health; Trinity Health Corporation; and UMass Memorial Health Care, Inc. v. Health Gorilla, Inc.; RavillaMed PLLC; Avinash Ravilla; Shere Saidon; LlamaLab, Inc.; Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; Daniel Baker; Max Toovey; Unit 387 LLC; SelfRx, LLC d/b/a Myself.Health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth; Hoppr, LLC; Meredith Manak, and DOES 1-100*, 2:26-cv-00321-FMO-RAO (C.D. Cal.) – subject to Epic's Motion to Vacate the Conditional Transfer Order

*Priscilla Banh v. Epic Systems Corporation; UCSF Health Community Hospitals*, 3:26-cv-00216-AMB (W.D. Wis.)

*Aaron Berry v. Epic Systems Corporation; University of Illinois Hospital & Health Sciences System*, 1:26-cv-04629-MMM (N.D. Ill.)

*Judi Delis v. Health Gorilla, Inc.; Trinity Health Corporation*, 1:26-cv-22178 (S.D. Fla.)

*Edward Fox; Suzanne Bryan v. Epic Systems Corporation; Reid Hospital and Health Care Services, Inc.; Health Gorilla, Inc.; Mammoth Path Solution, LLC*, 2:26-cv-04678 (C.D. Cal.)

*Amy Hawkins; Randall Brink v. Health Gorilla, Inc.; Ravillamed PLLC; Unique Medi Tech LLC d/b/a Mammoth DX; Mammoth Path Solution, LLC; Mammoth RX, Inc.; Unit 387 LLC; SelfRX, LLC d/b/a Myself.health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth*, 1:26-cv-22328 (S.D. Fla.)

*Holly Hughes v. Health Gorilla, Inc.*, 1:26-cv-21952 (S.D. Fla.)

*Jeffrey S. Jackson v. Trinity Health Corporation; Health Gorilla, Inc.*, 4:26-cv-10948 (E.D. Mich.)

*Ricky Lott v. Health Gorilla, Inc.*, 1:26-cv-21639 (S.D. Fla.)

*Tatyana Malenkovich v. Health Gorilla, Inc.*, 1:26-cv-22757 (S. D. Fla.)

*Justina Pabon v. Trinity Health Corporation; Health Gorilla, Inc.*, 4:26-cv-10989 (E.D. Mich.)

*Steven Patterson v. UVA Health; Epic Systems Corporation; Health Gorilla; Mammoth Path Solutions, Inc.*, 2:26-cv-01938 (C.D. Cal.)

**Dated: September 14, 2026**

Respectfully submitted,

*/s/* ___John Y. Benford
John Y. Benford, Esquire
Florida Bar No. 51950
John.Benford@wilsonelser.com
Alyssa.Heitman@wilsonelser.com
Danielle.Weisman@wilsonelser.com
Julia G. Young, Esquire
Florida Bar No. 94334
Julia.Young@wilsonelser.com
Susan.Baughman@wilsonelser.com
Health.Sadusky@wilsonelser.com
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 203-7599
Facsimile: (407) 203-7599
Facsímile: (407) 648-1376

*Attorneys for Defendant,*
*Health Gorilla, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: HEALTH GORILLA, INC., ET AL., DATA SECURITY BREACH LITIGATION | Master Case No. 1:26-md-03193-KMM<br><br>MDL No. 3193<br><br>Member Case Nos:<br>1:26-cv-25440<br>1:26-cv-25553<br>1:26-cv-25670<br>1:26-cv-25434<br>1:26-cv-25674<br>1:26-cv-22178<br>1:26-cv-21952<br>1:26-cv-21639<br>1:26-cv-22757<br>1:26-cv-22328 |
| This Document Relates To:<br><br>*Patterson v. Epic Systems Corporation, et al.*, FLSD No. 26-cv-25670-KMM | |

**THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S PRELIMINARY REPORT**

The Rector and Visitors of the University of Virginia, erroneously sued as "UVA Health" ("UVA"), is a Defendant in the case styled as *Steven Patterson v. UVA Health, et al.*, CACD No. 2:26-cv-01938-PA-E, FLSD No. 26-cv-25670-KMM. UVA does not belong in this lawsuit, did not belong in the Central District of California, and does not belong in the Southern District of Florida. UVA had filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim, which was pending at the time the case was transferred to this Court, and which is fully briefed and ripe for decision. ECF Nos. 16, 30, 33.

The threshold legal issue is whether there is personal jurisdiction over UVA. When considering this issue in the context of an MDL proceeding, a transferee court steps into the shoes of the transferor court and applies the personal jurisdiction law of the forum where the case was

originally filed. *See In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (U.S. Jud. Pan. Mult. Lit. 2020) ("Every federal court to have considered the issue has affirmed that the transferee court can exercise personal jurisdiction to the same extent that the transferor court could."); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019) ("[F]or the Transferor Actions the Court must determine whether the transferor district courts had general jurisdiction over the corresponding Domestic Defendants …").

As set forth in UVA's pending motion to dismiss (ECF No. 16), the transferor court did not have general jurisdiction over UVA because UVA's place of incorporation and principal place of business is Virginia. And specific jurisdiction was lacking because Plaintiff cannot show that UVA purposefully availed itself of California or purposefully directed any activities at California, much less that Plaintiff's claims arise out of or relate to UVA's contacts with California. The facts are plain and foreclose any possibility of jurisdiction in California:

- UVA is located in Virginia.
- Plaintiff lives in Virginia.
- Plaintiff sought medical treatment from UVA in Virginia.
- UVA housed Plaintiff's medical records in Virginia.
- At most, UVA contracted with Defendant Epic Systems Corporation ("Epic"), a *Wisconsin* company, to participate in the Carequality Framework to allow for the exchange of healthcare information. And that network operates on a nationwide basis that is not targeted to California specifically.

Even if the transferor court did have personal jurisdiction, UVA does not belong in this lawsuit. As an initial matter, this is not a data breach case. There was no penetration of UVA's systems, no exfiltration of data by a hacker, and no misuse of Plaintiff's information to commit

identity theft or fraud. Rather, Plaintiff seemingly sued UVA simply because it participated in a nationwide healthcare exchange network, where *other* participants allegedly accessed and used his medical records to solicit lawsuit participants.

Indeed, Plaintiff does not claim UVA or any of its agents or employees solicited lawsuit participants or otherwise misused patient records. Rather, Plaintiff claims Defendants Health Gorilla, Inc. ("Health Gorilla") and Mammoth Path Solution, LLC ("Mammoth") allegedly did so. Similarly, Plaintiff does not allege UVA contracted with, communicated with, or dealt with Health Gorilla or Mammoth in any way beyond participation in the same nationwide healthcare exchange network—a network that has over 100,000 participants. Not surprisingly, Plaintiff's claims against UVA find no basis in law or fact.

**List of Affiliated Companies and Counsel**

**Affiliated Companies:**

The board of visitors of the University of Virginia is a corporation created by the Commonwealth of Virginia known as "the Rector and Visitors of the University of Virginia." Va. Code §23.1-2200. The board of visitors, which is under the control of the Virginia General Assembly, operates the University of Virginia and its related Medical Center.

**Affiliated Counsel:**

Robert S. Hogue (Fla. Bar No. 0091155)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
(305) 536-2724
shogue@hunton.com

Jason J. Kim (Cal. Bar No. 221476)
Hakop Stepanyan (Cal. Bar No. 296782)
HUNTON ANDREWS KURTH LLP
550 S. Hope Street, Suite 2000
Los Angeles, California 90071

(213) 532-2000
kimj@hunton.com
hstepanyan@hunton.com

Wendy C. McGraw (Vir. Bar No. 37880)
HUNTON ANDREWS KURTH LLP
951 East Byrd Street, Richmond
Virginia 23219
(757) 540-5336
wmcgraw@hunton.com

**List of Pending Motions**

UVA's Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6). ECF Nos. 16, 30, 33.

Epic's Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(2), and (12)(b)(6). ECF Nos. 24, 31, 34.

**List of Related Cases**

There are no other actions involving similar claims pending against UVA.

Respectfully submitted,

Dated: September 14, 2026

By: *__/s/ Robert S. Hogue________________*

Robert S. Hogue (Fla. Bar No. 0091155)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
(305) 536-2724
jisani@hunton.com

Jason J. Kim (Cal. Bar No. 221476)
Hakop Stepanyan (Cal. Bar No. 296782)
HUNTON ANDREWS KURTH LLP
550 S. Hope Street, Suite 2000
Los Angeles, California 90071
(213) 532-2000
kimj@hunton.com
hstepanyan@hunton.com

*Attorneys for Defendant The Rector and Visitors of the University of Virginia, erroneously sued as "UVA Health"*