**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE No.: 1:26-md-03193-KMM

In re:

HEALTH GORILLA, INC., ET AL.,
DATA SECURITY BREACH LITIGATION

---

THIS DOCUMENT RELATES TO ALL CASES

_______________________________________________/

**ORDER APPOINTING PLAINTIFFS' LEADERSHIP**

THIS CAUSE comes before the Court on Plaintiffs' application for reappointment as Interim Co-Lead Class Counsel ("Application"). In the Order entered April 21, 2026 (ECF No. 27, in *Lott v. Health Gorilla, Inc.,* No. 1:26-cv-21639), the Court previously granted Plaintiffs' Motion to Appoint Interim Class Counsel (ECF No. 15, in *Lott)*. After the MDL proceedings were transferred to this Court, the Court entered an Order Setting Initial Conference (ECF No. 41, in No. 1:26-md-03193) directing Plaintiffs to move to appoint interim class counsel by September 24, 2026.

The appointment of interim class counsel is authorized by Rule 23(g)(3) of the Federal Rules of Civil Procedure. In cases like this, where multiple overlapping and duplicative class actions have been filed, designation of interim class counsel is encouraged, and indeed is essential for efficient case management. *See generally Manual for Complex Litigation (Fourth)* § 21.11 (2004). Generally, such counsel is responsible for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* § 21.11 at 246.

No party has voiced any objection to the notion that interim class counsel should be

reappointed here. Moreover, proposed Interim Co-Lead Class Counsel represent that they notified all other Plaintiffs' counsel in these MDL proceedings of their Application, and there has been no objection to the Application.

After considering the Application in light of the foregoing factors, the Court is satisfied that the attorneys in Plaintiffs' proposed leadership structure have experience handling class actions, complex litigation, and claims of the type asserted in this action, as well as knowledge of the applicable law. The Court reaffirms its findings in the prior Order Appointing Interim Class Counsel (ECF No. 15, in *Lott*). UPON CONSIDERATION of the Application, the pertinent potions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Application is GRANTED as follows:

1. Pursuant to Fed. R. Civ. P. 23(g)(2), the Court appoints Jeff Ostrow (Kopelowitz Ostrow P.A.), Mariya Weekes (Milberg PLLC), and Thomas A. Zimmerman, Jr. (Zimmerman Law Offices, P.C.) as Interim Co-Lead Class Counsel ("Co-Lead Counsel") who shall be responsible for coordinating Plaintiffs in the conduct of the MDL and shall:

   a. perform all responsibilities designated by the Court;
   b. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;
   c. consistent with the requirements of the Federal Rules of Civil Procedure, coordinate the initiation and conduct of discovery on behalf of Plaintiffs, including the preparation of joint interrogatories and requests for production of documents, and the examination of witnesses in depositions;

d. coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs;

e. delegate specific tasks to other counsel of record in a manner that ensures pretrial preparation is conducted effectively, efficiently, and economically; scheduling deadlines are met; and unnecessary expenditures of time and expense are avoided;

f. encourage full cooperation and efficiency among all Plaintiffs' counsel;

g. enter stipulations with opposing counsel necessary for the conduct of the litigation;

h. prepare and distribute periodic status reports to the parties;

i. maintain adequate time and disbursement records covering the services of designated counsel;

j. brief and argue motions for Plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual Plaintiffs) or designate the appropriate counsel to carry out these tasks;

k. receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants that are not electronically filed with the Court;

l. establish and maintain a document depository; and

m. perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

2. No work shall be undertaken by any Plaintiffs' counsel without the express advance authorization of Co-Lead Counsel. Likewise, no pleadings, motions, discovery or other pretrial

proceedings shall be initiated or filed by any Plaintiffs' counsel except through Co-Lead Counsel or upon their express, advance authorization.

3. Defendants shall effectuate service of papers on Plaintiffs by serving copies on Co-Lead Counsel by electronic mail, overnight mail, or hand-delivery. Co-Lead Counsel shall effectuate service on Plaintiffs by serving copies on all other Plaintiffs' counsel. The Court's Master Service List shall govern in all proceedings.

4. All communications with the Court must be through Co-Lead Counsel. If circumstances require direct communication with the Court by other counsel of record, copies of any such communications must simultaneously be served on Co-Lead Counsel.

5. The terms of this Order, including the appointment of Co-Lead Counsel, shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of September, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All Counsel of Record